**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| TRINA JOSEPH | * | CIVIL ACTION NO. 22-1333 |
| | | |
| VERSUS | * | SECTION "D" (3) |
| | | |
| THE CITY OF NEW ORLEANS, | * | JUDGE WENDY B. VITTER |
| NOPD OFFICER TOMEKA ANDERSON, | * | |
| NOPD SGT. JAMES KJELLIN, | * | MAGISTRATE JUDGE KAREN WELLS |
| NOPD OFFICER LATRELL | * | ROBY |
| WASHINGTON, AND SHAUN | * | |
| FERGUSON,  IN HIS INDIVIDUAL | * | |
| CAPACITY AS SUPERINTENDENT | * | |
| OF THE NEW ORLEANS POLICE | * | |
| DEPARTMENT | * | |
| | * | |

\* \* \* \* \* \* \*

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**NOW INTO COURT**, through undersigned counsel, come Defendants, the City of New

Orleans, NOPD Officer Tomeka Anderson, NOPD Sgt. James Kjellin, NOPD Officer Latrell

Washington, and New Orleans Police Department Superintendent Shaun Ferguson

("Defendants"), who respectfully submit this Reply to Plaintiff's Opposition (Doc. 31) to

Defendants' Motion for Summary Judgment (Doc. 30).[1]

Plaintiff's Opposition fails for the following two reasons: (1) probable cause to conclude

that Plaintiff stole Miguel Bailey's property was based on Brandy Morton's uncontradicted

eyewitness account of observing Plaintiff commit the act, which was supported by the other facts

available to Officer Anderson at the time that she drafted the warrant; and (2) Plaintiff's statements

made to Officer Anderson in the telephone call during Officer Anderson's investigation, which

included a denial and a claim of alibi, were appropriately given no credit by Officer Anderson

---

[1] Plaintiff, in Doc. 31, "concedes that her *Monell* claim against the City and her claims against Defendants Ferguson and Washington should be dismissed[.]"

because of Plaintiff's belligerence and evasiveness, and had no effect on the existence of probable

cause. Accordingly, Plaintiff's claim that Officer Anderson omitted "exculpatory facts" on is false.

Additionally, Plaintiff's Opposition[2] relies on facts that are wholly immaterial.

    **1.**   **Officer Anderson appropriately found probable cause based on the reasonably trustworthy information provided by Brandy Morton.**

Probable cause exists "when the totality of the facts and circumstances with a police

officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that

the suspect had committed or was committing an offense."[3] The totality of the facts and

circumstances known to Officer Anderson at the time of the submission of the arrest warrant[4] were

as follows: Brandy Morton had witnessed Plaintiff taking Miguel Bailey's property from his house

during a time when he was in jail; Ms. Morton observed Plaintiff removing the property via a live

feed of a Ring doorbell; Ms. Morton was familiar with Plaintiff and provided a description of what

Plaintiff wore and of the property taken; Mr. Bailey showed Officer Anderson that the property

was, in fact, missing; the other resident of the house, Nikki Joseph, denied any knowledge as to

Mr. Bailey's missing items.

In determining whether probable cause existed for the purpose of an arrest, the court "does

not require a police officer to be perfect, nor does it want him [or her] to always to err on the side

of caution out of fear of being sued."[5] Thus, the question is:

> Whether, at the moment the arrest was made, the officers had probable cause to
> make it – whether at that moment the facts and circumstances within their
> knowledge and of which they had reasonably trustworthy information were
> sufficient to warrant a prudent man in believing that the petitioner had committed
> or was committing an offense.[6]

---

[2] Rec. Doc. 31, Plaintiff's Opposition to Defendants' Motion for Summary Judgment
[3] *Haggerty v. Texas Southern Univ.*, 391 F.3d 653, 655-56 (5th Cir. 2004).
[4] Rec. Doc. 30, Exhibit A, p. 6 (Affidavit for Arrest Warrant).
[5] *Martin v. Thomas*, 973 F.2d 449, 453 (5th Cir. 1992).
[6] *Martin*, 973 F.2d at 453

In *Mitchell v. City of Jackson*[7], the plaintiffs were arrested for murder after a dead body was found inside a burning vehicle. The plaintiffs were arrested after an eyewitness stated that she saw one of the plaintiffs at the vehicle some time before it burst into flames. The plaintiffs denied committing the crime and told police different places they had been that night. The Court found that the totality of the circumstances, supported by "a presumably disinterested witness," showed that the officers did not act without probable cause. Further, the fact that the police did not interview the plaintiff's alibi witness, did not conduct chemical analysis on the plaintiff's clothes, and did not "investigate" the eyewitness "to determine just how reliable a witness she was (which plaintiff contend would have revealed that she was not reliable)," did not negate probable cause.[8]

The Court's conclusion is equally applicable to the facts in this case:

[D]efendants cannot be held liable for failing to have conducted a more exhaustive investigation when the seemingly trustworthy information reasonably available to them at the time of the arrest would have warranted a prudent man in believing that these plaintiffs had committed the murder.[9]

Officer Anderson, like the officers in *Mitchell*, cannot be held liable for relying on the seemingly trustworthy information provided by Brandy Morton, an eyewitness. Plaintiff's combativeness and evasiveness towards Officer Anderson rendered her denials and claims of without any merit.

---

[7] *Mitchell v. City of Jackson, Mississippi*, 481 F.Supp.2d 586 (S.D. Miss.2006). It is worth noting that the court stated: "The law is clear: If the officers had probable cause to arrest plaintiffs …, then plaintiffs have no claim under either § 1983 or under state law for false arrest/imprisonment, malicious prosecution or intentional infliction of emotional distress." *Id*. at 588.
[8] *Id*. at 590-91.
[9] *Id.* at 591.

## 2.   Plaintiff's Opposition[10] relies on immaterial facts.

### a.   Plaintiff's actions on September 21, 2021

For example, Plaintiff provides a timeline of her actions on September 21, 2021.[11] Presumably, Plaintiff includes this in her Opposition in order to prove that she was not guilty of stealing Mr. Bailey's property. However, in evaluating whether probable cause existed to arrest a person, "the relevant inquiry is not whether [Plaintiff was] guilty of the crime for which [she] was arrested and charged, for there is no guarantee in the law that only the guilty will be arrested and charged with crimes."[12] Rather, the question is "whether, at the moment the arrest was made, the officers had probable cause."[13] Thus, any information regarding Plaintiff's whereabouts on the day in question is irrelevant because this information was not known to Officer Anderson at the time of arrest and should be ignored. What is important is the totality of the facts and circumstances within Officer Anderson's knowledge at the time of the arrest. As shown above, those facts and circumstances were sufficient for a reasonable person to conclude that Plaintiff had committed the offense of theft.

### b.   Telephone calls with Plaintiff

Plaintiff contends that there is a dispute of fact as to how many telephone calls were made to Plaintiff on the night in question and by whom.[14] However, this dispute, to the extent that there may be one, is a red herring. Officer Anderson's determination of probable cause was not on any

---

[10] Rec. Doc. 31, Plaintiff's Opposition to Defendants' Motion for Summary Judgment

[11] Doc. 31, pp. 3-5.

[12] *Mitchell,* 481 F.Supp.2d at 589-90 (S.D. Miss. 2006) (citing *Baker v. McCollan*, 443 U.S. 137, 145 (1979)("the Constitution does not guarantee that only the guilty will be arrested. If it did, §1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released.")); and *Morris v. Dillard Dept. Stores, Inc.* 277 F.3d 743, 754 (5th Cir. 2001) ("Whether the crime actually occurred or whether a suspect is eventually convicted is irrelevant to the probable cause analysis. The inquiry focuses only on what the officer could have reasonably believed at the time based on the relevant law, as well as the act supplied to him by the eyewitness.").

[13] *Mitchell*, 481 F.Supp.2d at 590 (S.D. Miss.2006).

[14] Doc. 31, p. 16-19.

telephone call from Plaintiff. Rather, probable cause was based on the facts described in the warrant affidavit: (1) Brandy Morton's statement; (2) Mr. Miguel's walk-through of the house, which revealed that his property was missing; and (3) the statement by Nikki Joseph (the other resident of the house) denying knowing anything about Mr. Bailey's missing items.[15] The number of times that NOPD called Plaintiff to give her an opportunity to come into the station, all of which were unsuccessful, does not change the fact that probable cause existed at the time the warrant affidavit was submitted.[16]

### c.  Miguel Bailey's credibility

Plaintiff contends that the victim, Miguel Bailey, made an inconsistent statement to Officer Anderson and that this affected probable cause.[17] It is clear that Officer Anderson did not rely on Mr. Bailey's statement in determining probable cause. Officer Anderson, as a reasonable officer will do, required that Ms. Morton meet with Officer Anderson in person to give her account. In the arrest warrant affidavit, Officer Anderson included only Ms. Morton's account, since she was the only eyewitness. Officer Anderson found Ms. Morton's account to be credible, which is why she included the account in the affidavit. Plaintiff speculates that Mr. Bailey convinced his sister to come to be interviewed by NOPD and provide a false statement. There is no fact to support such speculation. The totality of the circumstances indicated that Ms. Morton had observed someone she honestly believed was Plaintiff removing property from Mr. Bailey's house while he was incarcerated.

---

[15] Doc 30, Exhibit A, p. 6 (Affidavit for Arrest Warrant).
[16] Plaintiff mistakenly contends that the body worn cameras (the "BWC") that are in the record contradict the sworn testimony of Officer Anderson and the other NOPD officers who testified in this case. See Doc. 31, pp. 15-19. However, there is no contradiction. The BWC fully supports every undisputed fact upon which Defendants' Motion for Summary Judgment is based. In particular, Defendants recommend Doc. 29-14 in and around 34:10 and 49:20, which demonstrate Plaintiff's combativeness and evasiveness towards Officer Anderson.
[17] Doc. 31, pp. 19-20.

### d. Description of Plaintiff's clothes

At the scene, Brandy Morton reported to Officer Anderson that she observed Plaintiff wearing "a dark colored shirt with black shorts." Officer Anderson included this statement in the Warrant Affidavit to show that Ms. Morton was familiar with Plaintiff and was able to observe Plaintiff and remember sufficient detail to make her statement reliable.

However, Plaintiff asserts that she told Officer Anderson that she wore pants. Presumably, Plaintiff will argue that her contradiction of Ms. Morton's statement should render Ms. Morton's statement unbelievable. However, it was Plaintiff, rather than Ms. Morton, who was not believable. Plaintiff, as the accused, had the greater motive to fabricate, evade, and to combat Officer Anderson's reasonable questions. The audiotape of Officer Anderson's telephone call to Plaintiff shows Plaintiff's evasions and combativeness.[18] Officer Anderson reasonably concluded that there was sufficient likelihood that Plaintiff would fabricate an alibi, especially if she declined to come to the station to provide documentation. The knowledge available to Officer Anderson was that Plaintiff was not coming to the station. Officer Anderson reasonably concluded that Plaintiff's statement of what she was wearing had no indicia of reliability and did not include any part of it in the warrant affidavit.

### e. Plaintiff's additional arguments

Plaintiff's additional arguments are without merit.[19] First, Plaintiff argues that Mr. Bailey's "prior arrest and stint in jail" provided a motive to fabricate a lie against Plaintiff and present it to the NOPD. According to Plaintiff, "[o]bviously, both Bailey and his sister, who was naturally taking his side, had a motive based on his arrest and the other domestic disputes to try to get back

---

[18] See Doc. 29-14, Manually Attached Second Segment of Body Worn Video from Defendant Tomeka Anderson from September 22, 2021, (running 51 minutes, 26 seconds) following timestamp 42:54.
[19] See Doc. 31, p. 21-23.

at Nikki and her family, including the Plaintiff."[20] However, Plaintiff ignores the fact that Officer Anderson interviewed Ms. Morton and deemed her credible. "The testimony of a witness can establish probable cause."[21] The matters about Mr. Baily's arrest were not material and did not need to be put in the affidavit.

Second, Plaintiff argues that the absence of the Ring camera should have been included in the affidavit. However, the pertinent fact – that the crime was witnessed by Ms. Morton via a live feed – was included. The presence or absence of the Ring camera the next day did not make it more or less probable that Ms. Morton actually saw the live feed. This immaterial fact did not need to be included in the affidavit.[22]

### 3.   Plaintiff mischaracterizes Sergeant Kjellin's testimony.

Plaintiff mistakenly contends that Defendant James Kjellin ("Sgt. Kjellin") testified that "the Plaintiff's alibi should have been included in the warrant affidavit for the magistrate to consider," and that information about the missing Ring camera[23] and the domestic situation involving Mr. Baily and Nikki Joseph[24] should have been told to the magistrate judge.[25] However, the statements in Plaintiff's Opposition grossly mischaracterize Sgt. Kjellin's testimony. Further, Sgt. Kjellin was responding to hypothetical, compound questions posed by Plaintiff's Counsel, not the specific affidavit in question.

### CONCLUSION

Plaintiff has failed to demonstrate the existence of any genuine issue of material fact as to the existence of probable cause as shown in the affidavit upon which Plaintiff's arrest warrant was

---

[20] Doc. 31, p. 22.
[21] *Jordan v. Brumfield*, 687 Fed.Appx. 408, 415 (5th Cir.2017).
[22] Plaintiff also criticizes Officer Anderson for requiring Plaintiff to meet with her in person.
[23] The pertinent fact – that the crime was witnessed by Ms. Morton via a live feed from the Ring camera– was included in the affidavit.
[24] Again, this information is irrelevant and immaterial to Plaintiff's arrest.
[25] Doc. 31, p. 24.

based. Officer Anderson reasonable found probable cause based on the credible eyewitness account of Brandy Morton.  Plaintiff was given an opportunity to provide documentation of her alleged alibi, but Plaintiff chose to attempt to bully Officer Anderson and evade her questions during the investigation. Plaintiff's denials and claims of alibi, at the time the warrant for arrest was being submitted, were not probative to probable cause. Defendants pray that their Motion for Summary Judgment be granted and all of Plaintiff's claims be dismissed, with prejudice, and at Plaintiffs' costs.

Respectfully submitted,

*/s/ Kristen A. Lee*_____
**KRISTEN A. LEE, LSB # 36890**
ASSISTANT CITY ATTORNEY
Kristen.lee@nola.gov
**JAMES M. ROQUEMORE, LSB #40035**
ASSISTANT CITY ATTORNEY
James.Roquemore@nola.gov
**CORWIN ST. RAYMOND, LSB # 31330**
DEPUTY CITY ATTORNEY
Cmstraymond@nola.gov
**KEVIN C. HILL, LSB# 26338**
SENIOR CHIEF DEPUTY CITY ATTORNEY
Kchill@nola.gov
**DONESIA D. TURNER, LSB# 23338**
Donesia.turner@nola.gov
CITY ATTORNEY
1300 PERDIDO STREET
CITY HALL - ROOM 5E03
NEW ORLEANS, LOUISIANA 70112
TELEPHONE: (504) 658-9800
FACSIMILE: (504) 658-9868
*Counsel for Defendants*